Filed: 2/9/2022 12:37 PM
Lynne Finley
District Clerk
Collin County, Texas
By Suzanne Rogers Deputy
Envelope ID: 61585259

Cause No. 401-50796-2022

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COUR |
| | § | |
| S. J. G., | § | ____ JUDICIAL DISTRICT |
| | § | |
| A MINOR CHILD | § | COLLIN COUNTY, TEXAS |

**ORIGINAL PETITION IN SUIT AFFECTING THE PARENT-CHILD RELATIONSHIP AND REQUEST FOR TEMPORARY ORDERS**

TO THE HONORABLE JUDGE OF SAID COURT:

Petitioner, MADONNA NASSER ADEEB RAMSIS, file this ORIGINAL PETITION IN SUIT AFFECTING THE PARENT-CHILD RELATIONSHIP AND REQUEST FOR TEMPORARY ORDERS, and in support of same will show unto the Court the following:

1. *Discovery Level*

Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure.

2. *Parties*

This suit is brought by Petitioner MADONNA NASSER ADEEB RAMSIS. Respondent is FRANCISCO JAVIER GONZALEZ GARCIA.

Petitioner is the biological mother of the child and has standing to bring this suit.

The requested orders will be in the best interest of the child.

Exhibit B

*3.   Jurisdiction*

There are no court-ordered conservatorships, court-ordered guardianships, or other court-ordered relationships affecting the child the subject of this suit.

However, there is a pending Hague Convention case in the United States District Court, Eastern District of Texas, Sherman Division, Civil No.: 4:21-CV-650-0SDJ initiated by the father Francisco Javier Gonzalez Garcia and whereas the MEMORANDUM OPINION AND ORDER was entered on January 31, 2022, granting Petition for Return of Child to Spain, and said order is being appealed.

*4.   Service*

Service of process can be conducted on Respondent at Avda Juan Carlos ID 3, Piso P02 PTA 1 41950, Castilleja Deal Cuesta, Sevilla, Spain, or wherever he can be found.

*5.   Child*

The following child is the subject of this suit:

Name: Sila Javier Gonzalez

Sex: Female

Birth date: January 12, 2022

County of residence: Collin County, Texas

*6.   Health Insurance Information*

Information required by section 154.181(b)(1) of the Texas Family Code is or will be

provided in the statement attached as Exhibit.

7. *Child's Property*

No property of consequence is owned or possessed by the child the subject of this suit.

8. *Conservatorship*

The appointment of the parents as joint managing conservators would not be in the best interest of the child. It is in the best interest of the child that Petitioner be appointed sole managing conservator of the child.

Respondent has a history or pattern of negligence during the two-year period preceding the date of filing of this suit and during the pendency of this matter. Petitioner requests that the Court render a possession order that is designed to protect the safety and well-being of the child.

9. *Support*

Respondent, is obligated to support the child and should be ordered by the Court to make payments for the support of the child and to provide medical child support in the manner specified by the Court.

Petitioner requests that the child support obligation be made retroactively to the date of parties' separation.

10. *Request for Temporary Orders and Injunction*

Petitioner requests the Court, after notice and hearing, to dispense with the issuance of a bond, to make temporary orders and issue any appropriate temporary injunctions for the preservation of the property and protection of the parties and for the safety and welfare of the

child as deemed necessary and equitable. Petitioner requests that the Court enjoin Respondent from the following:

- Discussing the litigation or issues of conservatorship, support or possession with a minor child or in the presence of a minor child or allowing third parties to do the same;

- Making any disparaging comments or remarks in the presence of a minor child of the parties, or within the hearing of a child, or allowing third persons to make such comments or statements, which comments or statements might tend to undermine the love and affection that the child feels for the other party, or which comments, statements, or remarks might tend to reflect adversely on the parenting abilities of the other party;

- Discussing any concerns that a party may have regarding the other party's lifestyle or ability to parent in the presence of a minor child or at a location where a minor child may be present or allowing third parties to do the same;

- Withdrawing the child from enrollment in the school or day-care facility where the child is presently enrolled;

- Expressing any concerns directly to a minor child or within the hearing of a minor child that a party may have about that a minor child's well-being when that child is in the possession of the other party;

- Making disparaging remarks or comments regarding the other party to the child or in their presence, that would place a parent in a negative light or would tend to undermine the love and affection a child has for a parent;

- Enticing the minor child in any manner including but not limited to making promises to buy things or perform services for the benefit of the child or withholding privileges or services in an effort to "buy" or "sway" the child's decisions or in an effort to undermine the love and affection the child feels for another party;

- Using parental influence to "coach" a minor child in any manner to influence the child's desires or to alienate the other parent;

- Using parental influence to "coach" a minor child so that the child expresses certain desires with regard to conservatorship or possession by suggesting to the child what to say to the other parent or to the court; and

- Hiding or secreting the child from Petitioner.

*11.  Request for Temporary Orders Regarding Child*

Petitioner requests the Court, after notice and hearing, to dispense with the necessity of a bond and to make temporary orders and issue any appropriate temporary injunctions for the safety and welfare of the child as deemed necessary and equitable, including but not limited to the following:

Appointing Petitioner temporary sole managing conservator with the right to establish the residency of the child within Collin County and Contiguous Counties.

Ordering Respondent to pay child support, health insurance premiums for coverage on the child, and 50 percent of the child's uninsured medical expenses while this case is pending.

Denying Respondent access to the child or, alternatively, rendering a possession order requiring supervised visitation of Respondent by a visitation center or independent organization until the Court finds under section 153.501 of the Texas Family Code that supervised visitation is no longer necessary.

Enjoining Respondent or any person acting on Respondent's behalf from disrupting or removing the child from the school or child care facility in which the child is enrolled or approaching the child at any location other than a site designated for supervised visitation.

*12.  International Abduction*

Petitioner requests the Court to determine whether there is a risk of international abduction of the child by Respondent and to take such measures as are necessary to protect the child.

*13.     Attorney's Fees, Expenses, Costs, and Interest*

It was necessary for Petitioner to secure the services of THE LAW OFFICE OF MARIOLA MICHALSKA, a licensed attorney, to prepare and prosecute this suit. To effect an equitable division of the estate of the parties and as a part of the division, and for services rendered in connection with conservatorship and support of the child, judgment for attorney's fees, expenses, and costs through trial and appeal should be granted against Respondent and in favor of Petitioner for the use and benefit of Petitioner's attorney and be ordered paid directly to Petitioner's attorney, who may enforce the judgment in the attorney's own name. Petitioner requests postjudgment interest as allowed by law.

*14.     Prayer*

Petitioner prays that citation and notice issue as required by law and all other relief requested in this petition.

Petitioner prays that the Court, after notice and hearing, grant a temporary injunction enjoining Respondent, in conformity with the allegations of this petition, from the acts set forth above while this case is pending.

Petitioner prays for attorney's fees, expenses, costs, and interest as requested above.

Petitioner prays for general relief.

                            Respectfully submitted,

                            LAW OFFICE OF MARIOLA MICHALSKA
                            2425 N. Central Expwy No. 200
                            Richardson, Texas 75080
                            Tel: (214) 325-3844
                            Fax: (972) 294-3391

mmlawfirm2014@gmail.com

*/s/ Mariola Michalska*
By: _____
    MARIOLA MICHALSKA
    State Bar No. 24032742

Attorney for Petitioner